## A06A0392. WILLIAMS et al. v. STATE OF GEORGIA et al.

(627 SE2d 891)

ADAMS, Judge.

In a convoluted thirty-six page complaint for declaratory judgment, three children in the City of Atlanta school system, through their guardians, sued the State of Georgia, the State Board of Education, the Atlanta Board of Education, and Kathy Cox, in her official capacity as the Georgia state school superintendent. The complaint was filed after the Atlanta Board of Education closed the children's elementary school and assigned them to another school. The guardians assert that their inability to be able to afford to send the children to a private school or move to another neighborhood in a different school district violates their constitutional rights under the equal protection clauses of the United States and Georgia Constitutions. The complaint alleges that

> the Defendants deny them *their constitutional right to freely choose the best education for their children* by imposing unconstitutional restrictions such as: a) assigning schools on the basis of residence, b) charging tuition for an out-of-district transfer, c) paying teachers on the basis of seniority and assigning them to schools accordingly, d) imposing unnecessary restrictions on the formation of charter schools, e) imposing unnecessary bureaucracy and administrative restrictions on public schools, f) funding schools through the use of property taxes.

(Emphasis supplied.)

While the plaintiffs' complaint mentions in passing that they have been denied "the freedom and opportunity to obtain an adequate education," and that the State has a constitutional obligation to provide an adequate education, the theories of recovery and the prayer for relief in the complaint make it clear that plaintiffs seek a declaration that they have a "fundamental right to control the education of their children," that the defendants have violated their constitutional right to equal protection, and that these violations justify the sweeping relief requested in their complaint. Plaintiffs asked the superior court to (1) declare that numerous Georgia statutes relating to school funding are unconstitutional; (2) enjoin the defendants "from further executing or implementing Georgia's school funding school assignment system until the State enacts a constitutional system"; (3) enter judgment "that property tax funding of education is unconstitutional, and that Plaintiffs should be provided with the economic means, including scholarships, tuition tax credits

and charter schools to enable them to attend the charter, government-run or private school of their choice"; and (4) "order the Defendants and the State legislature to grant them the freedom to choose the best school for their children."

The defendants promptly moved to dismiss the complaint on the grounds that there was no justiciable case or controversy, that the plaintiffs lacked standing, that it was barred by sovereign immunity, that providing the relief requested would violate the separation of powers doctrine and involve a political question, and that the complaint failed to state a claim generally. The trial court granted the motion in a brief order "based on Plaintiffs' failure to state a claim upon which relief can be granted."

The plaintiffs appealed to the Supreme Court, which transferred the appeal to this Court based on its conclusion that plaintiffs' equal protection claims could be resolved by applying unambiguous constitutional provisions to the facts before us.[1] We now affirm the dismissal of plaintiff's complaint because plaintiffs failed to assert valid equal protection claims under existing Supreme Court precedent. *McDaniel v. Thomas*, 248 Ga. 632 (285 SE2d 156) (1981) (rejecting claim that equal protection clause imposed obligation on State to equalize education opportunities). When analyzing the equal protection claim in *McDaniel*, the Supreme Court also rejected the claim that education is a "fundamental right" subject to strict scrutiny. Id. at 646. As a result, the trial court did not err when it granted defendants' motion to dismiss for failure to state a claim.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED MARCH 2, 2006.

*Lightmas & Delk, Glenn A. Delk*, for appellants.

---

[1] This transfer order supports our conclusion that the complaint does not seek a declaration that the State is failing to provide an adequate education under Art. VIII, Sec. I, Par. I of the Georgia Constitution. If it did, jurisdiction would have been proper in the Supreme Court. In *McDaniel v. Thomas*, 248 Ga. 632, 644 (2) (285 SE2d 156) (1981), our Supreme Court noted that "[t]he term 'adequate education' is not defined in our constitution" and acknowledged "the inherent difficulty in establishing a judicially manageable standard for determining whether or not pupils are being provided an adequate education." (Citations and punctuation omitted.) Id. Although the Supreme Court noted that "it is *primarily* the legislative branch of government which must give content to the term " 'adequate[,]' " it addressed the merits of the plaintiffs' adequate education claim without defining the term. (Emphasis supplied.) Id. Based on *McDaniel*, "adequate education" issues do *not* involve the application of unambiguous constitutional provisions and would therefore fall outside of this Court's jurisdiction.

*Thurbert E. Baker, Attorney General, Alfred L. Evans, Jr., Assistant Attorney General, Greenberg Traurig, Rodney G. Moore, Kevin W. Pendley,* for appellees.

*Weekes & Candler, Thomas A. Cox,* amicus curiae.